# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM S. KARN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 10-cv-0424 |
| | ) | |
| CLAYTON MORROW, PROTHONOTARY, | ) | |
| and BOROUGH OF BEN AVON, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Presently before the court is the MOTION TO DISMISS COMPLAINT, with brief in support, filed by Defendant Borough of Ben Avon (*Document Nos. 6 and 7*, respectively). On May 27, 2010, the Court ordered Plaintiff to respond to Defendant's motion to dismiss on or before June 16, 2010. To date, no response in opposition has been filed, and there has been no other request for extension of time within which to respond. As such, the motion is uncontested and is ripe for disposition. For the following reasons, the Motion to Dismiss will be granted.

## Factual Background

On or about March 30, 2010, Plaintiff, William S. Karn, initiated this case by the filing of a two-count Complaint in which he alleged violations of the 13th and 14th Amendments to the United States Constitution. Named as defendants are: Clayton S. Morrow ("a member of a law office" in Pittsburgh), Prothonotary (a "government office holder in the Prothonotary office"), and the Borough of Ben Avon (a "municipal government within a residential community by that name"). (*Document* 1, ¶ 4). On May 4, 2010, Plaintiff filed an Amended Complaint which incorporated the entirety of the original Complaint, and also

1

"charge[d] Clayton S. Morrow with breach of contract." (*Document* 5, ¶ 3). On May 26, 2010, Defendant Borough of Ben Avon (the "Borough") filed the instant Motion to Dismiss.

Plaintiff appears to allege in Count I of his Complaint that he was a victim of Involuntary Servitude, due to the imposition of a court fine (neither the Complaint nor the Amended Complaint however, alleges that any fine was imposed on him). (*Document* 1, ¶ 15). Plaintiff alleges in Count II of his Complaint that he was the victim of an Equal Protection violation, although it is not clear how this violation relates to any named defendant since neither the Complaint nor the Amended Complaint alleges any facts regarding this allegation.[1] The Complaint states that the purpose of the filing of this lawsuit is not to seek damages, but to "create discussion and opinion input and federal court ruling that will promote Internet enabled procedure for close monitoring of state court judicial behavior." (*Document* 1, ¶ 25).

## Standard of Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiency of the complaint filed by Plaintiff. The United States Supreme Court has held that "[a] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (207) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (alterations in original).

The Court must accept as true all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. However, as the Supreme Court made clear in *Twombly,* the "factual allegations must be enough to raise a right to relief above

---

[1] The Borough notes that at one point it sought to enforce building code ordinances against the record owner of the property where Plaintiff resides, which is James Karn, Plaintiff's nephew. (*Document* 6, pg. 2). This may or may not be the particular event on which Plaintiff bases his allegations.

the speculative level." *Id.* The Supreme Court has subsequently broadened the scope of this requirement, stating that only a complaint that states a *plausible* claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1950 (2009) (emphasis added).

Thus, after *Iqbal*, a district court must conduct a two-part analysis when presented with a motion to dismiss for failure to state a claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the Court must separate the factual and legal elements of the claim. *Id.* Although the Court "must accept all of the complaint's well-pleaded facts as true, (it) may disregard any legal conclusions." *Id.* at 210-211. Second, the Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Id.* at 211 (citing *Iqbal* 129 S. Ct. at 1949). The determination for "plausibility" will be "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* at 211 (quoting *Iqbal* 129 S. Ct. at 1950).

As a result, "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." *Id.* at 211. That is, "all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible. This then 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at 210 (quoting *Iqbal*, 129 S. Ct. at 1948).

However, nothing in *Twombly* or *Iqbal* changed the other pleading standards for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and the requirements of Fed. R. Civ. P.

3

8 must still be met. *See Phillips v. Co. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal citations omitted). Fed. R. Civ. P. 8 requires a showing, rather than a blanket assertion, of entitlement to relief, and "contemplates the statement of circumstances, occurrences, and events in support of the claim presented and does not authorize a pleader's bare averment that he wants relief and is entitled to it." *Twombly*, 550 U.S. at 555 n.3 (internal citations and quotations omitted). Additionally, the Supreme Court did not abolish the Fed. R. Civ. P. 12(b)(6) requirement that "the facts must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on those merits." *Phillips,* 515 F.3d at 231 (citing *Twombly*, 550 U.S. at 553).

When a Complaint is *pro se*, the allegations should be held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). This less stringent standard however, does not excuse the Plaintiff of the baseline requirements for pleading, articulated above. Even if a complaint alleging a civil rights violation is *pro se*, dismissal for failure to state a claim is appropriate when it appears beyond doubt that Plaintiff can prove no set of facts in support of a claim which would entitle him to relief. *Estelle v. Gamble*, 429 U.S. 97, 97 (1976).

Generally, "to the extent that a court considers evidence beyond the complaint in deciding a 12(b)(6) motion, it is converted into a motion for summary judgment." *Anjelino v. New York Times Co.*, 200 F.3d 73, 88 (3d Cir. 1999). However, in resolving a 12(b)(6) motion to dismiss, a court may look beyond the complaint to matters of public record, including court files and records, and documents referenced in the complaint or essential to a

plaintiff's claim which are attached to a defendant's motion. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Attached to the motion to dismiss is a copy of an opinion issued by the Commonwealth Court of Pennsylvania on March 8, 2010 in the case <u>Commonwealth of Pennsylvania v. James L. Karn</u>. Because this document is a matter of public record, the Court has considered the opinion without the necessity of converting the motion to dismiss into a motion for summary judgment.[2] *Pension Benefit Guar. Corp.*, 998 F.2d at 1196-1197.

### Discussion

**A. Plaintiff's Complaint Fails to Meet the Requirements of FRCP 8(a)(2).**

The Borough argues that Plaintiff's Complaint should be dismissed on the grounds that it does not meet the requirements of Fed. R. Civ. P. 8(a)(2), as it fails to "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Fed. R. Civ. P. 8(a)(2) holds that a pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief. While the relationship between Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 8(a)(2) is elaborated above, it is crucial to reiterate that the claim must show entitlement to relief with facts, rather than blanket assertions. *Twombly*, 550 U.S. at 555. Thus, a pleading that utilizes merely labels and conclusions fails to provide the grounds of entitlement to relief. *Id*.

---

[2] Defendant also argues that Plaintiff lacks standing to sue the Borough for the alleged injury to his nephew and that the Complaint violates the *Rooker-Feldman* Doctrine. (*See* generally, *Document* 7). These issues will not be addressed by the Court however, because in order to rule on same, it would necessitate converting the Motion to Dismiss into a Motion for Summary Judgment.

The Borough is correct to note that both the original Complaint and the Amended Complaint are devoid of any factual assertions against it. (*Document* 7, p. 2). The only two references in the Complaint to the Borough are when it is identified as a party to the lawsuit and in Paragraph 13 of the Complaint which states, as follows: "13. Defendant Borough of Ben Avon is currently a participant by choice in a state procedure illustrating the complained of misbehavior by members of the governing judicial system". (*Document* 1, ¶ 13). This lone reference contains only generalized labels and conclusions and fails to contain sufficient factual matter as required by *Iqbal*. Absent from Plaintiff's Complaint and Amended Complaint are any facts pled against the Borough which could be read to establish a cause of action.

The Court finds that the Complaint is unintelligible, as it fails to show Plaintiff's entitlement to relief with any specific facts, and is thus insufficient to put the Borough on notice of the facts and claims pled against it. Even under the less stringent standard which a *pro se* complaint is held, this absence of any factual allegations against the Borough requires that the Motion to Dismiss filed by the Borough be granted.

### B. Plaintiff's Complaint Seeks an Impermissible Advisory Opinion

The Borough also contends that Plaintiff's Complaint is invalid because it appears to seek an advisory opinion. (*Document* 7, p. 3). The Court agrees as it certainly appears that Plaintiff seeks the Court's blessing for his proposed monitoring plan of the state courts, rather than redress for any violation of law. The Court will address the Borough's individually-raised defense as to all named-Defendants, as the application of the defense would be dispositive of a collectively asserted claim.

It is long established that federal courts may not render advisory opinions. *Michigan v. Long*, 463 U.S. 1032, 1040 (1983). It is the Court's practice not to decide abstract, hypothetical, or contingent questions regarding issues which have not yet materialized. *Alabama State Fed'n of Labor v. McAdory*, 325 U.S. 450, 461 (1945). The failure of a plaintiff to allege any violation of law by a particular defendant in a complaint would render the resulting opinion advisory, as the court would be deciding an issue which has not yet materialized.

With regard to Count I of the Complaint entitled "Involuntary Servitude," Plaintiff requests a court ruling "sustaining the right of a citizen to advance in federal court a cause of action deciding whether a state court action proceeds under the umbrage of a particular state court judge bias with resulting injury to rights of citizen under amendment 13 of the federal constitution" (*Document* 1, ¶ 36). Nowhere in the Complaint, however, does Plaintiff allege that his constitutional or statutory rights were actually violated by any named Defendant.

With regard to Count II of the Complaint entitled "Equal Protection of the Laws," Plaintiff "asks for a court ruling that this federal district court will work with the Plaintiff in setting up a web site to implement a testing of use of the Internet for identifying and publicizing evidence of unlawful bias in state court actions". (*Document* 1, ¶ 41). However, Plaintiff does not allege anywhere in the Complaint that any Defendant has in any way impeded his right to state court information or obstructed his ability to carry out his plan for monitoring the state judicial system. Thus, if the requested relief for Count II were granted, it would not redress any alleged injury of the Plaintiff.

For these reasons, the Court finds and rules that Plaintiff's Complaint is seeking an impermissible advisory opinion.

## Leave to Amend the Complaint

If a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004); *accord Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002). A district court must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend. *Id*. The district court may dismiss the action if the plaintiff does not file an amended complaint within that time, or if the plaintiff files a notice of his intent to stand on the complaint as filed.

The Court finds that there is no logical construction of the Complaint or Amended Complaint in this case from which to derive a viable claim against Defendant Borough of Ben Avon, and the deficiencies of the Complaint cannot be cured by amendment. Further, the Court finds that Plaintiff is seeking an impermissible advisory opinion as to all Defendants. Accordingly, the Motion to Dismiss filed by Defendant Borough of Ben Avon will be granted.

## Conclusion

For the hereinabove stated reasons, the Motion to Dismiss filed by Defendant will be granted.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM S. KARN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 10-cv-0424 |
| | ) | |
| CLAYTON MORROW, PROTHONOTARY, | ) | |
| And BOROUGH OF BEN AVON, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER OF COURT**

AND NOW, this 24th day of June, 2010, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the Motion to Dismiss filed by Defendant Borough of Ben Avon is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITH PREDJUDICE** as to all Defendants.

The Clerk of the Court is directed to mark this case closed.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: William S. Karn
664 Lincoln Avenue
Pittsburgh, PA 15202-3420
(via U.S. Mail and Certified Mail, Return Receipt Requested)

Deborah A. Kane, Esquire
WEBER GALLAGHER SIMPSON
STAPELTON FIRES & NEWBY LLP
Email: dkane@wglaw.com

Clayton S. Morrow, Esquire
Morrow & Artim, P.C.
Email: cmorrow@allconsumerlaw.com